[No. 7412.   Decided April 29, 1909.]

N. GAVAZZA, *Respondent*, v. W. H. PLUMMER, *Appellant*.[1]

CORPORATIONS—OFFICERS—PERSONAL LIABILITY—CONTRACTS—PRIN-
CIPAL AND AGENT.  A treasurer of a corporation is personally liable
upon a contract wherein he agreed with the subscriber to the capital
stock of the corporation, that "I will, upon demand, accept a return
of his stock, and refund to him the money he has paid," on certain
conditions, although to his signature he affixed "Treas"; since that
was *descriptio personae* only, and an agent may become personally
bound by the form of his promise.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered November 14, 1907, upon find-
ings in favor of the plaintiff, after a trial before the court
without a jury, in an action on contract.   Affirmed.

*Plummer & McDermot* and *Gallagher & Thayer*, for appel-
lant.

*G. W. Sommer*, for respondent.

MORRIS, J.—The only question involved in this appeal is,
Can the appellant be held to a personal liability upon the fol-
lowing contract:

"Spokane, Wash., May 3d, 1906.

"I, W. H. Plummer, treasurer of the Spokane Show Case
and Cabinet Co., do hereby agree with Mr. N. Gavazza that,
in consideration of his subscription for five hundred (500)
shares of the capital stock of the Spokane Show Case and
Cabinet Co., I will, upon demand, accept a return of his
stock and refund to him the money he has paid therefor, as
follows:   Two hundred and fifty dollars ($250) within one
year, and two hundred and fifty dollars ($250) within
eighteen (18) months after he shall exercise his option to
return said stock.   Notice of which shall be mailed in writing
delivered to me.   W. H. Plummer, Treas."

Upon both principle and authority there can be only one
answer to this question, and that is that he can.

[1]Reported in 101 Pac. 370.

"It is too well settled to need any reference to authorities to show that an agent may, by the form of the promise and manner of his signature fix upon himself a personal liability." *Haverhill Mut. Fire Ins. Co. v. Newhall,* 1 Allen 130. The appellant has brought himself within this rule. The words of his undertaking "I will, upon demand, accept a return of his stock and refund to him the money he has paid," would seem to indicate, irrespective of the application of the rule, that it was his purpose and intention to become personally bound, at least to lead respondent to infer (as respondent testified) that the obligation was personal. The addition of "Treas." to his signature neither adds to nor detracts from that obligation; it is simply, as the courts say, *"descriptio personae."*

If it is desired to escape personal liability in the contract of an agent or other representative, the intention so to do must be expressed in clear and explicit language; otherwise, a personal obligation arises. *Conner v. Clark,* 12 Cal. 168, 73 Am. Dec. 529. And this is so even though he is known to be an agent, and acts avowedly as such. *Hobson v. Hassett,* 76 Cal. 203, 18 Pac. 320, 9 Am. St. 193, citing Story, Parsons, and numerous other cases.

In the case of *Barker v. Mechanic Fire Ins. Co.,* 3 Wend. 94, a note reading: "I, John Franklin, president of the Mechanic Fire Insurance Company, promise to pay," etc. was held to be the note of John Franklin. The court says: "He describes himself as president of the company, but he should have contracted in their name or in their behalf." So here appellant describes himself as "treasurer" of the company, but he does not contract in the name of, or in behalf of, the company. The contract is in the name of and on behalf of himself.

The judgment is affirmed.

Rudkin, C. J., Crow, Gose, Chadwick, Parker, and Mount, JJ., concur.