[No. 26819.   Department Two. · December 29, 1937.]

ALFRED GODDARD *et al., Appellants,* v. S. M. MORGAN *et al., Respondents,* JOHN A. FACKLARS *et al.,*
*Defendants.*[1]

[1]Reported in 74 P. (2d) 894.

*F. C. Kapp,* for appellants.

*Arthur C. Bannon,* for respondents.

MILLARD, J.—Plaintiffs, a marital community, leased a building owned by them in Seattle to John A. Facklars for a term of three years. A chattel mortgage on the restaurant equipment placed on the leased premises was executed by the lessee to secure the payment of the rent to the lessors.

This action was instituted against Facklars and his successors in interest for foreclosure of the mortgage. By their second cause of action, the plaintiffs seek to establish and foreclose a landlord's lien on the same personal property covered by the chattel mortgage for the rental of the premises for the last two months of the term, to be included in the total amount demanded in the first cause of action. S. M. Morgan and L. H. Kraft, to whom one of the assignees of the lease executed chattel mortgages on the same property to secure payments of loans of money, by cross-complaint pray foreclosure of their mortgages as prior in right to the chattel mortgage of Facklars to Goddard. This appeal is from the decree subordinating plaintiffs' chattel mortgage to the claims of Morgan and Kraft.

The facts are as follows:

Appellants leased to John A. Facklars a building owned by them in Seattle for a term of three years, commencing April 15, 1932, at a monthly rental of one hundred twenty-five dollars. That contract, which recites that it is by and between Alfred Goddard and John A. Facklars, is signed by John A. Facklars and Alfred Goddard and provides that the lessee shall give to the lessor a chattel mortgage in the amount of five hundred dollars upon all of the lessee's fixtures placed on the leased premises for the operation of a restaurant, to secure the payment of the rent. Pursuant to that

condition of the lease, Facklars executed a chattel mortgage, which was duly filed in the office of the auditor for King county. The restaurant equipment of Facklars was thereupon placed in the premises and there remained until the trial of this action.

On May 5, 1933, Facklars made a written assignment of the lease to Nick Carras, who, on August 21, 1933, made a written assignment of the lease to Gust Cozakos, who remained in possession of the leased premises until the end of the term. No part of the rent for the months beginning December 13, 1934, and the 13th of January, February, and March, 1935, in the total sum of five hundred dollars, was ever paid. Notice to pay the rent or vacate was served on the tenant March 23, 1935. The lease expired April 15, 1935. The tenant did not pay the rental due of five hundred dollars and did not vacate the premises until the end of the term. On April 12, 1935, which was within two months of the due date of the rent for the last two months in the amount of two hundred fifty dollars, this action was commenced.

By their first cause of action, the appellants sought foreclosure of the chattel mortgage from Facklars to Alfred Goddard. The prayer of their second cause of action was for the foreclosure of the landlord's lien for two months' rent on the same personal property covered by the chattel mortgage. The two months rental of two hundred fifty dollars was to be included, however, in the total of five hundred dollars demanded in the first cause of action.

Respondent Morgan sought by his cross-complaint foreclosure of the chattel mortgage, made by Cozakos March 22, 1934, on the same property as that covered by the chattel mortgage in favor of appellant, to secure payment of a loan of one hundred dollars from Morgan to Cozakos. The prayer of the cross-complaint of the

respondent Kraft was for the foreclosure of two chattel mortgages on the same property executed by Cozakos May 21 and December 24, 1934, to secure payment of loans of two hundred fifty dollars and one hundred dollars, respectively, from Kraft to Cozakos. By his answer, Carras urged, as a defense, the assignment of the lease to him as an accommodation to appellants, with the understanding that he was not to be held for any rent or the performance of any of the other provisions of the lease.

Orders of default were entered against Facklars, Cozakos, Meyer, and Paul, who made no appearance. Carras was dismissed from the case. The appellants were awarded a judgment in the amount of five hundred dollars claimed by them against Facklars and Cozakos, and their landlord's lien established as prior to the rights of all the other parties, but the chattel mortgage of appellants was subordinated to the claims of respondents Morgan and Kraft under their three chattel mortgages described above.

Appellants contend that their chattel mortgage is prior in time and right to the claims of respondents, and that the trial court erred in its refusal to so hold and to enter a decree foreclosing the appellants' chattel mortgage as a prior and superior lien.

The chattel mortgage of the appellants was executed in March, 1932, and filed in the office of the county auditor of King county within the ten day period prescribed by the statute. Rem. Rev. Stat., § 3781 [P. C. § 9760]. Such filing gave constructive notice to all the world of the existence and conditions of the mortgage. Rem. Rev. Stat., § 3782 [P. C. § 9761]. The chattel mortgages of the respondents were not executed or filed until 1934; therefore, the appellants' mortgage was prior in time to the mortgages of the respondents.

■ Respondents contend that, as the lease was unacknowledged by the lessee, it constituted only a tenancy from month to month.

In *Central Building Co. v. Keystone Shares Corp.,* 185 Wash. 645, 56 P. (2d) 697, we held that, since a lease need not be signed by the lessee if it is accepted and acted on, it need not be acknowledged by him if he accepts it and acts thereunder. See, also, *Rowland v. Cook,* 179 Wash. 624, 38 P. (2d) 224, 101 A. L. R. 180.

Appellants' lessee accepted the lease and acted thereunder—all of the conditions and terms of the lease, except payment of the rental for the last four months of the lease, were performed—therefore, the lease in question was valid without the acknowledgment of the lessee.

■ Respondents argue that, as the leased property was community property and appellant wife did not sign or acknowledge the lease, the tenancy was only from month to month. The statute (Rem. Rev. Stat., § 6893 [P. C. § 1434]) provides that the husband shall not sell or encumber the community real estate unless the wife joins with him in executing the instrument by which the real estate is sold or encumbered, and such instrument must be acknowledged by him and his wife.

A contract to lease community property for a term of years made by a married man without his wife joining him in the manner provided by the statute (Rem. Rev. Stat., § 6893) is in contravention of the statute, and cannot be established for the full term by part performance as against the community owner (the wife) not bound by the lease. *Spreitzer v. Miller,* 98 Wash. 601, 168 Pac. 179; *Kaufman v. Perkins,* 114 Wash. 40, 194 Pac. 802.

The question as to the right of the wife to deny the validity of a lease not signed and acknowledged by her

is not before us. The lessee and his assignees and successors in interest remained in possession of the leased premises the entire term of three years. There was full performance of the lease, with the exception of the payment of rental for the last four months of the term, by all parties. The lessee and his successors in interest have not at any time—they are estopped to deny the title of their landlord—challenged the title of their landlord. The mortgagees of the last tenant of the appellants may not now challenge the validity of the lease, the terms of which have been fully performed. The rights of the respondents can rise no higher than the rights of the tenant who was their mortgagor.

Respondents next contend that, as the lease provided for the giving of a chattel mortgage to secure performance of the terms of the lease, the lease thereby became a part of the chattel mortgage and was governed by the statute relating to chattel mortgages. Under this statute, it is urged, an affidavit of good faith to the lease is required, the lease should have been filed of record within ten days of its execution, and an affidavit should have been filed setting forth the amounts still due on the leases within two years after its due date.

The contention is without substantial merit. We find nothing in the statute (Rem. Rev. Stat., §§ 3779 to 3789, inclusive) to sustain respondents' position. The statute requires no more than the filing of the affidavit within two years of the time the mortgage matured.

There was no default in the payment of the rent under the lease until December, 1934. No notice or any other action was taken until March 23, 1935, to enforce the payment of the rental in default. On that date, the tenants were served with notice to pay the rent then due or to vacate the premises. There was no right of action prior to December, 1934, to recover unpaid rent.

This action to foreclose the chattel mortgage was commenced in April, 1935, which was four months subsequent to the last payment of rent in December, 1934, and approximately the date of the expiration of the lease.

Respondents complain that, as the schedule of the articles mortgaged was never attached to the chattel mortgage and there was no other description in the chattel mortgage sufficiently describing the articles so that a purchaser would be thereby enabled to identify the property intended to be covered, the chattel mortgage is defective. The property is described in the chattel mortgage as follows:

". . . the said mortgagor hereby mortgages to said mortgagee all those certain restaurant fixtures located in the restaurant designated and known as No. 207 2nd Ave. South, and portion of basement, and situated upon Lot Seven (7), Block Ten (10), of Maynard's Plat to the City of Seattle, Washington, a more particular description of said fixtures being hereto attached, and marked 'SCHEDULE' and is hereby referred to and by such reference is incorporated into and made a part of this chattel mortgage, . . .

"This mortgage is intended to cover all replacements of the articles herein described."

In 1934, when Cozakos mortgaged this same property to the respondents, Cozakos was occupying the leased premises at the address recited in the chattel mortgage and had in his possession on those premises all of the personal property covered by the chattel mortgage which the first tenant, Facklars, brought to the premises when he originally took possession under the lease. It is true the schedule of the articles mortgaged was never attached to the chattel mortgage, but by the filing of that mortgage, notice was given to all the world that all of the restaurant fixtures on the leased premises were covered by that chattel mortgage. That was suf-

ficient to put an intending purchaser or encumbrancer on inquiry which would have disclosed a detailed description of all of the property covered by the mortgage. This is in harmony with our holding in *Mott v. Johnson,* 112 Wash. 18, 191 Pac. 844.

■ The contention of the respondents that, as the chattel mortgage was for more than three hundred dollars, it was invalid as to them because it was not recorded pursuant to Rem. Rev. Stat., § 3785 [P. C. § 9764], reading as follows:

"A mortgage given to secure the sum of three hundred dollars or more exclusive of interest, costs and attorneys or counsel fees may be recorded and indexed with like force and effect as if this act had not been passed, but such mortgage or a copy thereof must also be filed and indexed as required by this act,"

is without merit. The statute provides that a chattel mortgage for more than three hundred dollars may be recorded and indexed. This section of the statute is optional as to the recordation of the chattel mortgage, in view of other provisions for the filing and indexing of any chattel mortgage. *First Nat. Bank v. White-Dulany Co.,* 121 Wash. 386, 209 Pac. 861.

Rem. Rev. Stat., § 3782, reads as follows:

"Every mortgage filed and indexed in pursuance of this act shall be held and considered to be full and sufficient notice to all the world, of the existence and conditions thereof, but shall cease to be notice, as against creditors of the mortgagors and subsequent purchasers and mortgagees in good faith after the expiration of the time such mortgage becomes due, unless before the expiration of two years after the time such mortgage becomes due, the mortgagee, his agent or attorney, shall make and file as aforesaid an affidavit setting forth the amount due upon the mortgage, which affidavit shall be annexed to the instrument to which it relates and the auditor shall indorse on said affidavit the time it was filed."

Appellants are entitled to a decree foreclosing their chattel mortgage as prior and superior to the claims of respondents. The appellants are also entitled to a decree establishing and foreclosing their landlord's lien, with interest on the monthly rents from their respective due dates, constituting the lien, as a prior and superior lien.

The judgment is reversed, and the cause remanded with direction to the trial court to proceed in harmony with the views herein expressed.

STEINERT, C. J., BEALS, ROBINSON, and BLAKE, JJ., concur.

