NORFOLK COUNTY TRUST COMPANY *vs.* M. THOMAS GREEN.

Suffolk.   November 4, 1937. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Mortgage*, Of real estate: extension. *Contract*, Parties. *Evidence*, Extrinsic affecting writing. *Practice, Civil*, Requests, rulings and instructions.

A real estate mortgage extension contract, signed by one of the owners of the equity of redemption as "agent," referring to him as such and providing that he as "owner of the equity of redemption" agreed to the extension and to pay the sums due under the mortgage and to perform the conditions and covenants thereof, without reference to anyone as his principal, bound him personally.

A written contract purporting to be made by one as "agent" but showing by unambiguous terms that it bound him personally could not be varied by parol evidence that the other party knew that he did not intend to bind himself personally and dealt with him on that basis.

Requests for rulings based on facts shown only by incompetent evidence admitted over exception were properly refused.

CONTRACT.   Writ in the Superior Court dated March 19, 1936.

The action was heard by *Hanify*, J.

*J. P. Sullivan & D. P. Donaldson*, for the defendant, submitted a brief.

*J. S. Marsh*, for the plaintiff.

DONAHUE, J.   The plaintiff was the assignee of a real estate mortgage. It seeks in this action to recover on a written extension of the mortgage signed by the original mortgagee and by the defendant.

The case was tried before a judge of the Superior Court sitting without a jury. It was agreed at the trial that the plaintiff had foreclosed the mortgage and that the balance due (that is, the difference between the principal sum of the mortgage, interest, taxes and foreclosure expenses, and the

amount brought at the foreclosure sale) was $5,095.63.   The judge found for the plaintiff in that amount and the case is here on exceptions to his refusal to give certain requested rulings.

The mortgage in question was given in 1919 by one Richards to the Boulevard Trust Company.   Thereafter the defendant's mother became the owner of the equity of redemption.   Upon her death in 1925 the defendant and his three sisters became, by inheritance, the owners of the equity of redemption.   In 1928 the mortgagee notified the defendant that it required an agreement extending the mortgage.   A written agreement dated July 1, 1929, extending the mortgage for the period of three years, and containing the elements usually found in such extensions, was signed by the mortgagee, and by the defendant in the form, "M. Thomas Green, Agt."   At some time thereafter the mortgage was assigned to the plaintiff.   It was agreed at the trial that the plaintiff thereby acquired any rights that the mortgagee had under the extension agreement.

The question here presented is whether the defendant, by signing the extension agreement in the manner in which he did, made himself personally liable thereunder.   That question is to be decided from the language of the agreement, which is not ambiguous.   *Goodenough* v. *Thayer*, 132 Mass. 152, 154.   *Snow* v. *Orleans*, 126 Mass. 453, 456.   *Abbey* v. *Chase*, 6 Cush. 54, 56.   The mere fact that the defendant signed his name with the added abbreviation "Agt." did not exempt him from personal liability.   Such a signature to a written agreement, whose provisions do not show a contrary intention, makes the signer personally liable on the agreement.   *First Baptist Church of Sharon* v. *Harper*, 191 Mass. 196, 198.   *Snow* v. *Orleans*, 126 Mass. 453, 456. *Brown* v. *Bradlee*, 156 Mass. 28, 31, 32.   *Tucker Manuf. Co.* v. *Fairbanks*, 98 Mass. 101, 104, 107.   *Fullam* v. *West Brookfield*, 9 Allen, 1, 4.   See *Jump* v. *Sparling*, 218 Mass. 324, 325, 326.   Am. Law Inst. Restatement: Agency, § 321. Williston, Contracts, § 285.

An examination of the language in the body of the extension agreement discloses nothing that relieves the defendant

from personal liability. . He is there designated as "M. Thomas Green   Agent," but no principal is named or referred to therein. In the extension agreement as "owner of the equity of redemption of the mortgaged premises" he agreed "for himself his   , heirs and representatives and assigns" that the payment of the principal sum secured by the mortgage be extended for three years, and as "owner agrees to perform and observe the condition and covenants of said mortgage as so extended, and to pay the principal and interest secured thereby when due . . . ." The agreement also contained the statement: "I hereby further agree to make interest payments quarterly." The only promises expressed in the agreement, other than those of the mortgagee, are the personal promises of the defendant and he must be held to be bound by them. *Brown* v. *Bradlee*, 156 Mass. 28, 32. *Tucker Manuf. Co.* v. *Fairbanks*, 98 Mass. 101, 104, 106. *Seaver* v. *Coburn*, 10 Cush. 324, 326. *Simonds* v. *Heard*, 23 Pick. 120, 125. This case is distinguishable from cases where the promises in an instrument do not purport to be those of the signer. *Blanchard* v. *Blackstone*, 102 Mass. 343, 346. *Ellis* v. *Pulsifer*, 4 Allen, 165, 168. *Abbey* v. *Chase*, 6 Cush. 54.

The defendant's exceptions here argued are to the refusal of the judge to give three requested rulings. They were to the effect that the plaintiff could not recover if the defendant disclosed to the officers of the mortgagee, or if they knew, that he did not intend to bind himself personally in signing the extension agreement; or if they knew or had reason to know, when the extension agreement was signed, that they were dealing with him merely as the representative of the mortgaged property and not individually; or if they knew that the defendant was not to be held personally. The defendant, subject to the exception of the plaintiff, introduced evidence which warranted the finding of some of the assumptions of fact in the requests. But the written agreement purports on its face to bind the defendant and appears to set out a complete contract of the parties. Parol evidence to contradict or vary its terms was not admissible. *Goldband* v. *Commissioner of Banks*, 245 Mass. 143, 150. *Western*

*Newspaper Union* v. *Dittemore*, 264 Mass. 74, 77. *Brand* v. *Suburban Land Co. Inc.* 299 Mass. 336, 338, and cases cited. The evidence admitted could not properly have been considered by the trial judge in reaching his decision. *Mears* v. *Smith*, 199 Mass. 319, 322. *Ritson* v. *Atlas Assurance Co. Ltd.* 272 Mass. 73, 76. There being no competent evidence in the case to which the requested rulings could have applied, they were properly refused.

The extension agreement bore seals, although seals were not necessary to its validity. *Phillips* v. *Vorenberg*, 259 Mass. 46, 70. If, in accord with the defendant's contention, the extension agreement is treated as an unsealed instrument, the result would be no different so far as the liability of the defendant is concerned. In the case of an unsealed written contract liability may be imposed on a principal, not named therein, for whose benefit the contract was made. This, however, does not prevent the other party to the contract from proceeding against an agent who executed the contract if, by its terms, he assumed a personal responsibility. *Huntington* v. *Knox*, 7 Cush. 371, 374. *Byington* v. *Simpson*, 134 Mass. 169, 170, 171. *Brown* v. *Bradlee*, 156 Mass. 28, 31, 32. *J. P. Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, 217. *Elwell* v. *State Mutual Life Assurance Co.* 230 Mass. 248, 253. *New England Structural Co.* v. *James Russell Boiler Works Co.* 231 Mass. 274, 277, 278.

*Exceptions overruled.*