ORIGENE M. BISSONNETTE *vs.* FRED E. KEYES & another.

Hampden.    October 31, 1945. — February 1, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Contract,* Rescission, Parties, Sale of real estate. *Agency,* Agent's liability to third person.

One, who by a contract in writing had agreed to purchase a farm and stock, tools and hay thereon and had made a deposit on account of the purchase price, was entitled to maintain a suit in equity for rescission of the contract and for return of the deposit when, by reason of a fire before conveyance, a contingency not provided for in the contract, the farm became useless to the plaintiff and the owner sold the cattle to another.

One, who signed a contract for sale of a farm in his own name with merely the word "agent" appended thereto, was bound by it personally where there was nothing in its wording to show that he was not to be so bound.

Upon rescission of a contract for sale of land upon which an agent for the
owner was personally bound, the agent was required to return to the
purchaser a deposit which in good faith the agent had received when
the contract was executed and which the owner had directed him to
retain for his services.

BILL IN EQUITY, filed in the Superior Court on December
9, 1943.

The suit was heard by *Burns,* J.

The contract mentioned in the opinion contained no pro-
vision respecting the contingency of a fire upon the premises
in question.

*E. S. Searle & S. Keedy,* for the plaintiff, submitted a
brief.

No argument nor brief for the defendants.

QUA, J.    This is a bill in equity to rescind a contract in
writing by which the plaintiff had agreed to purchase a dairy
farm in Ware, and to recover a deposit of $1,000 which the
plaintiff had paid on account of the price.

The facts appear from findings of material facts made by
the trial judge.   The defendant Fred E. Keyes, a real estate
broker, purporting to act in behalf of the defendant Thomas
J. Biatek, interested the plaintiff in the farm, and on October
23, 1943, the plaintiff and Keyes made an agreement in
writing whereby the plaintiff agreed to buy the farm for
$12,000.   This agreement is very informal, but we think
that it was sufficient to embody a completed contract of
purchase and sale.   The agreement was signed by the plain-
tiff and by the defendant Keyes, who added the single word
"Agent" after his signature.   The only mention of the de-
fendant Biatek in the agreement was in the description of the
farm as the "Tom Biasike farm."   Nothing else appeared
in the body of the instrument to indicate who the seller was.
By the terms of the agreement the purchase included the
stock, tools, and hay.   Upon the signing of this agreement
the plaintiff paid the deposit of $1,000 to Keyes.   There-
after, on or about November 11, 1943, the large stable and
hay barn on the premises and the hay therein were totally
destroyed by fire, leaving the farm useless to the plaintiff.
Soon after this the plaintiff learned that the defendant

Biatek had sold the cattle to others. Because of the fire and what he had heard about the sale of the cattle the plaintiff refused to go on with the agreement and demanded a return of his deposit. Keyes tendered the $1,000 he had received to Biatek, who accepted $500 and told Keyes to keep the remaining $500 on account for his services as broker in finding a customer. Biatek returned to the plaintiff the $500 he had received and was given a covenant not to sue. Keyes acted in good faith throughout.

The bill was taken for confessed against Biatek, and a final decree was entered against him rescinding the agreement but not requiring him to return more than the $500 he had already returned. The decree dismissed the bill as against Keyes. The plaintiff appeals. The only issue is whether Keyes should return to the plaintiff the $500 which the plaintiff has not yet received.

The plaintiff was entitled to rescind. *Libman* v. *Levenson,* 236 Mass. 221.

Under the decisions in this Commonwealth we think that upon rescission Keyes should repay the $500. It is here held that a contract in writing signed by an agent in his own name with the addition of the word "agent" is the contract of the agent, whether or not the principal may also be bound, if there is nothing in the wording of the contract itself which shows that the agent was not to be bound. There is nothing in this contract to show that the agent, Keyes, was not to be bound. Under our decisions the mere addition to the signature of the word "agent" or of a similar word suggesting representative capacity has been treated as merely descriptive of the person signing and has not been deemed to show that he was not to be bound or to render the contract ambiguous as to parties. Compare Am. Law Inst. Restatement: Agency, § 156, comment b, § 323 (2) and comments a, b, and d. See *Stern* v. *Lieberman,* 307 Mass. 77, 80. This case is governed by *Norfolk County Trust Co.* v. *Green,* 304 Mass. 406, and cases cited. See further *Simonds* v. *Heard,* 23 Pick. 120; *Tucker Manuf. Co.* v. *Fairbanks,* 98 Mass. 101; *Brown* v. *Bradlee,* 156 Mass. 28.

Since the defendant Keyes was a party to the agreement,

upon rescission he should restore to the plaintiff the remaining half of the consideration advanced by the plaintiff.

The final decree is reversed in so far as it relates to the defendant Keyes. A new final decree is to be entered as to Keyes, rescinding the agreement as to him and ordering him to pay to the plaintiff the sum of $500 and interest from the filing of the bill, with costs.

*So ordered.*