**Charles L. RICKER, Appellant,**

v.

**B–W ACCEPTANCE CORPORATION,**
**Appellee.**

**No. 8015.**

United States Court of Appeals
Tenth Circuit.

July 1, 1965.

Rehearing Denied Aug. 16, 1965.

Eugene Klecan, Albuquerque, N. M. (Bingham & Klecan, Albuquerque, N. M., on brief), for appellant.

Eric D. Lanphere, Albuquerque, N. M. (Iden & Johnson, Bryan G. Johnson and James T. Paulantis, Albuquerque, N. M., on brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

PHILLIPS, Circuit Judge.

Ricker has appealed from a summary judgment against him, individually, in favor of B–W Acceptance Corporation, on a written contract of guaranty. In opposition to the motion for summary judgment, Ricker filed an affidavit in which he admitted that he signed the written guaranty, but averred that he signed it in his representative capacity as President of Modern Furniture Company, a New Mexico corporation, and did not execute it as an individual guarantor.

The written contract in part here material reads as follows:

"Modern Furn. Albuquerque N. M.
June 10, 1958

"Blanket Guaranty

"To B.W. Acceptance Corporation

Dallas, City

Texas State

"In consideration of the purchase by you of any contract, mortgage, or commercial paper from Modern Furniture Co. * * * of Albuquerque, New Mexico * * * hereinafter called the Dealer and/or distributor * * * the undersigned hereby guarantees to you the performance and payment at maturity of any and all such contracts, mortgages, notes, trust receipts or commercial paper heretofore or hereafter purchased by you by all per-

sons who may be obligated thereon in any capacity.

"Undersigned further agrees to pay you all costs and expenses, including reasonable attorney fees, incurred by you in endeavoring to obtain or enforce payment on such instruments.

"Undersigned further guarantees the faithful performance of any and all written agreements now existing or which may hereafter be entered into between you and dealer and/or distributor.

"This guaranty is unlimited in amount and continuing and to remain in force until written notice of the undersigned's withdrawal is served upon you at your office in Dallas, Texas. It is understood that any such withdrawal shall not be effective as regarding any transaction made prior thereto.

"Undersigned hereby waives notice of nonpayment, protest and demand. Undersigned waives notice of the acceptance of this guaranty. You may accept additional collateral, extend times of payment or otherwise vary the terms of any contract, mortgage, note, trust receipt or commercial paper without notice to the undersigned. Undersigned waives any demand upon dealer and/or distributor by you and any notice of non-performance or breach of any agreement. This guaranty shall not be discharged or affected by death; but it shall bind and its benefits shall accrue to, the respective heirs, executors, administrators, assigns and successors of the parties. The parties intend that the law of the State of New Mexico, shall govern this transaction, where the acceptance shall be deemed to have been given. If this guaranty is executed by two or more persons all obligations shall be joint and several.

"Chas. L. Ricker, Pres."

Ricker's contention is that he was entitled to establish by parol evidence that he executed the written guaranty as President of Modern Furniture Company and not as an individual guarantor, and therefore no contract came into existence between the Acceptance Corporation and Ricker.

■ The contract of guaranty was made in New Mexico and expressly recited that it was to be governed by New Mexico law. Hence, in resolving the legal issues here presented, we must apply the law of New Mexico.

In Ellis v. Stone, 21 N.M. 730, 158 P. 480, at page 483, L.R.A.1916F, 1228, the court said:

"* * * Where a writing in the nature of a contract is signed by a person, and contains apt words to bind him personally, the fact that to such signature is added such words as 'trustee,' 'agent,' 'treasurer,' 'president,' and the like does not change the character of the person so signing, but is considered as merely descriptive of him. * * * The mere fact that a person sustains an agency relation to another does not prevent him from becoming personally liable on a contract with a third person, and, if it appears from the contract that he pledged his own credit or bound himself personally, the addition of such words as 'president' and the like will be considered as mere descriptio personae. * *"

Thus, it appears New Mexico has adopted the well-settled general rule of *descriptio personae*.[1]

However, the court in the Stone case found the guaranty was so ambiguous it was impossible to determine whether it was intended to bind Stone, individually, or the bank of which he was president,

1. Williston on Contracts, Third Edition, Jaeger, Vol. 2, § 299, pp. 393, 394.

and concluded that the trial court properly considered evidence *aliunde* the writing.

■ The name "Modern Furniture Co." appears in the body of the written guaranty, not as a contracting party or guarantor, but only in the capacity of a "dealer and/or distributor," and seller of the securities guaranteed, and at no place in the body of the guaranty is such company referred to other than in the two last-mentioned capacities.

By the first paragraph of the written guaranty, the "undersigned" guarantees to the Acceptance Corporation "the performance and payment at maturity" of any and all contracts, mortgages, notes, trust receipts or commercial paper purchased by the Acceptance Corporation "from Modern Furniture Co. * * * hereinafter called the Dealer and/or distributor."

By the third paragraph, the "undersigned" guarantees the faithful performance of any and all written agreements "now existing or which may hereafter be entered into between" the Acceptance Corporation and the Modern Furniture Company. Clearly, that paragraph manifests an intent to bind Ricker personally. Modern Furniture Company, as a party to such "written agreements," would be obligated to perform the same. The guarantee of such performance by Modern Furniture Company, by the written guaranty, would add nothing to its existing obligations as a party to such "written agreements" and would serve no purpose.

In the last paragraph the clause, "*Undersigned* waives any demand upon *dealer and/or distributor* by you" (italics ours) clearly differentiates the "undersigned" from the "dealer and/or distributor" and plainly shows the italicised words refer to different entities or parties, namely, Ricker, individually, and Modern Furniture Company, respectively.

■ The last paragraph also provides that the guaranty "shall not be discharged or affected by death." "Death" is an appropriate term to use with respect to a natural person. The existence of a corporation ends with the termination of the period provided in its charter for its existence, or by its prior dissolution.

And, finally, the last paragraph also binds the respective "heirs, executors, administrators" of the parties. Those are apt terms with respect to a natural person, but not to Modern Furniture Company, a corporation,[2] and Ricker, individually, is the only natural person referred to in the guaranty to which they could apply.

The word "undersigned" appears in the instrument eight times. The word "undersigned" can only refer to Ricker, whose signature is affixed to the written guaranty. At no place in the body of the instrument does the context indicate it refers to the Modern Furniture Company, and in at least three instances the context clearly indicates the "undersigned" refers to Ricker as a natural person and not in a representative capacity. Furthermore, at no place in the body of the instrument is there any language indicating Modern Furniture Company was a guarantor thereunder. The only basis for interpreting the guaranty as binding the Modern Furniture Company is the addition after Ricker's signature of the abbreviation "Pres."

■ Since the language of the instrument manifests a clear intent to bind Ricker, personally, the addition of "Pres." following his signature is only *descriptio personae* and does not render the instrument ambiguous.[3]

To construe the written guaranty as binding Modern Furniture Company and not Ricker, individually, would contra-

2. See Norfolk County Trust Co. v. Green, 304 Mass. 406, 24 N.E.2d 12, 13.

3. Bissonnette v. Keyes, 319 Mass. 134, 64 N.E.2d 926, 927; Inland Rubber Corp. v. Eskimo Kooler Corp., 337 Ill.App. 292, 85 N.E.2d 859; Gavazza v. Plummer, 53 Wash. 14, 101 P. 370, 371, 42 L.R.A.,N.S., 1; Norfolk County Trust Co. v. Green, 304 Mass. 406, 24 N.E.2d 12, 13.

dict and vary the language of the written instrument itself.

■■ In Halliburton Company v. McPheron, 70 N.M. 403, 374 P.2d 286, the court held that parole evidence is admissible to show that the parties to a contract, prior to, or at the time it was made, entered into an agreement that such contract should become operative only on the occurrence of a particular condition or contingency, since such evidence would not vary or contradict the written instrument, but would only show that it never matured as a valid obligation. But the court also held that parol evidence of a conditional delivery of a written instrument is not admissible when it contradicts the terms of a written instrument, as where the contract by its terms excludes the possibility of a conditional delivery.[4]

■ Therefore, under the law of New Mexico, parol evidence is not admissible to establish that a written contract never came into existence, where such parol evidence would be inconsistent with and would contradict the terms of the written instrument.

■ Since there was nothing in the written guaranty manifesting an intent not to bind Ricker, individually, and the guaranty contained apt words to bind him personally, we conclude that evidence of an oral agreement that Ricker was not to be bound personally would contradict the terms of the written guaranty and violate the parol evidence rule.

It follows that Ricker's affidavit raised no material issue of fact and the trial court properly granted summary judgment for the Acceptance Corporation.

Affirmed.

4. See also Martin v. Cole, 104 U.S. 30, 31, 37, 38, 26 L.Ed. 647.