440 So.2d 596 (1983)
Charles PUCKETT, Appellant,
v.
CODISCO, INC., Formerly Known As Coastline Equipment of Tampa, Inc., a Florida Corporation, and Fan World, Inc., a Florida Corporation, Appellees.
No. 83-81.
District Court of Appeal of Florida, Second District.
November 4, 1983.
*597 Elizabeth Anne Goodale, Largo, for appellant.
Mary A. Edenfield of Mateer, Harbert, Frey, Bechtel & Phalin, P.A., Orlando, for appellees.
GRIMES, Acting Chief Judge.
Codisco, Inc., obtained a $21,800.73 judgment against Fan World, Inc., and its president, Charles Puckett, for merchandise sold to Fan World, Inc. The court held that Puckett was liable for the obligations of Fan World, Inc., by reason of his execution of a credit application. The court declined to permit Puckett to introduce parol evidence directed toward showing that he signed the application only as president of Fan World, Inc., and not in his individual capacity.
The credit application is reproduced in full as follows:

*598 
*599 The court reasoned that as a matter of law the printed language above Puckett's signature constituted a personal guaranty on his part.
The language in the credit application which refers to personal guaranty, and the omission of a reference to Puckett's corporate capacity next to his signature tend to support the court's ruling. However, there are other aspects of the credit application which suggest that Puckett signed it only in a representative capacity. The document recites that the undersigned applies for an extension of credit, and it is obvious from the information which is requested that the credit is being extended to Fan World, Inc. Thus, Fan World, Inc., could be expected to sign the application, thereby verifying the credit data. If Fan World, Inc., was to sign the application, merely writing the name of the corporation would not suffice. Someone would have to sign on the corporation's behalf and it would be logical for its president to do so. The guaranty reference to "payment of its accounts" is awkward, and the fact that the words "Fan World, Inc." appear to be written in handwriting different than Puckett's signature adds to the confusion. The handwritten bracketing of the signature lines may also have some significance.
Viewed as a whole, we cannot say that the credit application unambiguously points to personal liability. Cf. Steele v. Hallandale, Inc., 125 So.2d 587 (Fla. 2d DCA 1960), in which this court construed an indemnity agreement as unambiguously reflecting the intent to impose personal liability. Where it is uncertain whether an instrument was intended to bind a signator in an individual or representative capacity, parol evidence is admissible to explain the ambiguity. Stein v. Miss Franie's, Inc., 417 So.2d 726 (Fla. 1st DCA 1982); see Annot., 70 A.L.R.3d 1276 (1976). In seeking to determine the capacity in which a party signs a document, it does not matter whether the ambiguity is "patent" or "latent." Landis v. Mears, 329 So.2d 323 (Fla. 2d DCA 1976).
Thus, we hold that the court erred in refusing to allow parol evidence. We hasten to add that since the credit application is not a negotiable instrument, formerly subject to the Negotiable Instruments Law and now covered by the Uniform Commercial Code, we need not consider the import of cases such as Betz v. Bank of Miami Beach, 95 So.2d 891 (Fla. 1957). The judgment is reversed, and the case is remanded for a new trial.
SCHEB and CAMPBELL, JJ., concur.