[No. 6496-4-III.   Division Three.   July 11, 1985.]

DIVERSIFIED REALTY, INC., *Plaintiff,* JACK C.
FOSTER, *Respondent,* v. JOHNNY MCELROY,
ET AL, *Appellants.*

*Susan Hahn* and *Schwab, Kurtz & Hurley,* for appellants.

*Jack C. Foster,* pro se.

MUNSON, J.—Johnny and Donna McElroy appeal a judgment holding them personally liable for breach of a lease executed on behalf of McElroy Trucking, Inc. They contend the court erred in denying their motion for summary judgment because the lease is unambiguous; in the alternative, the lease was ambiguous and therefore parol evidence

should have been admitted. They also contend the trial court should not have disturbed the arbitrator's decision. We reverse and remand for trial.

Diversified Realty, Inc., and McElroy Trucking, Inc., entered into a lease for certain commercial property. McElroy Trucking, Inc., ceased paying rent and apparently filed a bankruptcy petition. Diversified Realty, Inc., sued the McElroys individually, under paragraph 26 of the lease:

26. Binding Effect: This agreement shall be binding upon the parties personally in addition to their corporations, hereto their heris [sic], successors and assigns.

IN WITNESS WHEREOF, the parties hereto set their hands the day and year first above written.

<div style="margin-left:2em">

LESSOR:    Diversified Realty, Inc.
by: /s/ Jack C. Foster
Jack C. Foster, President

LESSEE:    McElroy Trucking, Inc.
by: /s/ Johnny McElroy
Johnny McElroy
President

/s/ Donna McElroy
Donna McElroy
Sec.–Treasurer

</div>

The McElroys moved for summary judgment, contending the lease was unambiguously executed in their corporate, not personal, capacities. They argued paragraph 26 bound only "parties", and the parties were Diversified Realty, Inc., and McElroy Trucking, Inc.; in the alternative, if the paragraph was ambiguous, it should be construed against the drafter, Diversified. Judge Hopkins found the lease was "clear and unambiguous", and denied the motion. The matter was then referred to an arbitrator under the Superior Court Mandatory Arbitration Rules, who agreed the lease was unambiguous; however, he ruled the lease unambiguously bound only the corporations.

Diversified sought a trial de novo in superior court pursuant to MAR 7.1(a) and 7.2. Judge Hanson also held the lease was clear and unambiguous, as a matter of law, and

ruled it unambiguously bound the McElroys individually. Judgment was entered against them for $8,125 rent due at 12 percent interest, plus $2,892.25 attorney fees under the lease. No testimony of witnesses was taken during any of these proceedings.

The McElroys appealed. Mr. Foster, the president and sole shareholder of Diversified, had himself substituted as a party in order to proceed pro se.

█ Whether a lease is ambiguous is a question of law. Parol evidence is admissible only if the lease is ambiguous. If the lease is ambiguous, it will be construed against the drafter. *McGary v. Westlake Investors*, 99 Wn.2d 280, 661 P.2d 971 (1983).

Here, neither of the trial judges nor the arbitrator found the lease to be ambiguous; however, the arbitrator reached the opposite result of the judges. The only argument made to uphold the arbitrator is the fact a corporation is a legal entity which may become part of other enterprises. RCW 23A.08.020(17);[1] *California v. State Tax Comm'n*, 55 Wn.2d 155, 346 P.2d 1006 (1959). Therefore, the McElroys argue, paragraph 26 refers only to successors of the corporation, as the only "parties" are the lessor and lessee corporations. The term "parties" is not specifically defined in the lease, although the preamble states:

> This lease, made and entered into this first day of August, 1982, by and between Diversified Realty, Inc., hereafter referred to as "Lessor", and McElroy Trucking, Inc., hereinafter referred to as "Lessee".

This position overlooks the word "heirs" found in paragraph 26—a corporation has no heirs. Mr. Foster, on the other hand, relies on the obvious meaning of "personally in addition to their corporations", as apparently Judges Hopkins and Hanson did.

█ If personal liability is intended, the "nearly univer-

---

[1]Each corporation shall have power:

"(17) To be a promoter, partner, member, associate, or manager of any partnership, joint venture, trust, or other enterprise."

sal practice" is to have the officer sign twice, once in his corporate capacity and once as an individual. 3A W. Fletcher, *Private Corporations* § 1119, at 170 (1975). If an ambiguity is found, parol evidence is admissible to show the circumstances under which the document was executed. 3A W. Fletcher, *Private Corporations* § 1129, at 199 (1975). *See Puckett v. Codisco, Inc.,* 440 So. 2d 596 (Fla. Dist. Ct. App. 1983) (credit application which refers to personal guaranty and which contains no reference to individual's corporate capacity next to his signature is ambiguous); *Salzman Sign Co. v. Beck,* 10 N.Y.2d 63, 176 N.E.2d 74, 217 N.Y.S.2d 55 (1961) (parol evidence admissible where contract stated officer signing personally guarantees payments, and officer executed contract on behalf of corporation); Annot., *Admissibility of Parol Evidence To Show Whether Guaranty of Corporation's Obligation Was Signed in Officer's Representative or Individual Capacity,* 70 A.L.R.3d 1276 (1976). *Cf. Ricker v. B-W Acceptance Corp.,* 349 F.2d 892, 894–95 (10th Cir. 1965) (applying New Mexico law) (guaranty which stated it would not be discharged by death and bound "heirs, executors, administrators, assigns and successors of the parties", held to unambiguously bind the signer personally).

The lease is ambiguous; parol evidence is required to resolve the ambiguity. We note the fact the McElroys acknowledged the lease in their corporate, but not personal, capacities would not preclude liability. A lease for a term of years need only be acknowledged by the lessor. *McKennon v. Anderson,* 49 Wn.2d 55, 298 P.2d 492 (1956); *Goddard v. Morgan,* 193 Wash. 83, 74 P.2d 894 (1937); *Central Bldg. Co. v. Keystone Shares Corp.,* 185 Wash. 645, 56 P.2d 697 (1936); Stoebuck, *Law Between Landlord and Tenant in Washington: Part I,* 49 Wash. L. Rev. 291, 317 (1974).

The McElroys also contend the arbitrator's award should not be vacated or modified unless he has adopted an erroneous rule or made a mistake in applying the law. First, since interpretation of a contract is an issue of law, the arbitrator made a mistake in applying the law. Second, the

trial on appeal from a mandatory arbitration award is expressly made de novo by MAR 7.2.

The judgment is reversed and remanded.

THOMPSON, J., concurs.

McINTURFF, A.C.J. (dissenting)—I dissent. The contract in question clearly and expressly binds the McElroys personally. Nevertheless, the majority holds the contract ambiguous merely because the McElroys failed to sign the contract twice. I believe this result departs from historical precedent and the express intentions of the parties.

The McElroys signed a contract which "personally" bound them. Can they evade the clear consequences of contractual language merely by placing the names of the offices they held in the corporation under their signatures? I think not.

First, the language binds the parties "personally in addition to their corporations, hereto their heris [*sic*], successors and assigns." "Personally" here distinguishes individual liability from demands which were against the McElroys in a representative capacity. *See* 32 Words and Phrases, *Personally,* at 466 (1956 & Supp. 1984). Moreover, "heris [*sic*], successors and assigns" are appropriate terms with respect to a natural person, but not to McElroy Trucking, Inc., a corporation. *Ricker v. B–W Acceptance Corp.,* 349 F.2d 892, 895 (10th Cir. 1965). The McElroys, individually, are the only natural persons referred to in the contract.

Second, when a writing in a contract is signed by a person, and contains words to bind him personally, the fact that to such signature is added such words as "president" or "secretary–treasurer" does not change the character of the person so signing, but is considered as merely descriptive of him. "[I]t is simply, as the courts say, '*descriptio personae.*'" *Schwab v. Getty,* 145 Wash. 66, 76, 258 P. 1035, 54 A.L.R. 1382 (1927) (quoting *Gavazza v. Plummer,* 53 Wash. 14, 15, 101 P. 370 (1909)); 2 S. Williston, *Contracts* §

299, at 394–95 (3d ed. 1960 & Supp. 1984); 19 Am. Jur. 2d *Corporations* § 1344 (1965 & Supp. 1984); Annot., *Personal Liability of Directors as Affected by Terms of Contract or Form of Signature,* 33 A.L.R. 1353, 1354 (1924 & Supp. 1975).

The addition of descriptio personae to an individual's name renders him prima facie liable unless, from a reading of the whole instrument, an intent appears to bind only the principal. *Manufacturers' Leasing, Ltd. v. Florida Dev. & Attractions, Inc.,* 330 So. 2d 171, 172 (Fla. Dist. Ct. App. 1976). Indeed, the Supreme Court recognized long ago that one seeking to escape personal liability must explicitly express such intent in the contract language:

> If it is desired to escape personal liability in the con-tract of an agent or other representative, the intention so to do must be expressed in clear and explicit language; otherwise, a personal obligation arises.

*Gavazza,* at 15.

The McElroys did not express in clear and explicit lan-guage that they sought to bind the corporation alone. Rather, they expressly agreed to personal liability. I would, as did two superior court judges, find as a matter of law the McElroys are personally liable, absent the second signature. Given the specific language in this contract, the second sig-nature is unnecessary and superfluous. To hold otherwise disregards the rule that each part of the contract be given some effect. *Green River Vly. Found., Inc. v. Foster,* 78 Wn.2d 245, 249, 473 P.2d 844 (1970); *Victoria Tower Part-nership v. Lorig,* 40 Wn. App. 785, 789, 700 P.2d 768 (1985); *Bremer v. Mount Vernon Sch. Dist. 320,* 34 Wn. App. 192, 199, 660 P.2d 274 (1983). By disregarding the personal liability language, the majority negates the parties' express intent and rewrites the contract. In addition, the result is a blueprint for future contractual ambushes in that it allows one to assume liability individually, and in a rep-resentative capacity, and then escape that individual liabil-ity by using the single signature as a shield. Thus, the personal liability provision becomes only a facade.

I would affirm the Superior Court ruling that the contract unambiguously bound the McElroys individually.