**RESOLUTION TRUST CORPORATION, in its capacity as Conservator for Home-Bank Federal Savings Association, Plaintiff,**

v.

**ST. HILAIRE AND ASSOCIATES, INC. and Albert J. St. Hilaire, Defendant.**

**Civ. No. 92–152–P–C.**

United States District Court, D. Maine.

Dec. 11, 1992.

Susan J. Szwed, Portland, ME, for plaintiff.

Gary H. Reiner, Reiner & Bouffard, Kittery, ME, Thomas G. Ainsworth, Ainsworth & Thelin, South Portland, ME, for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

In this six-count action, Plaintiff seeks collection of promissory notes made by St. Hilaire & Associates, Inc. ("Corporate Defendant") and enforcement of guarantee agreements made by Albert J. St. Hilaire ("Individual Defendant"). The action was originally filed by Resolution Trust Corporation ("RTC"), in its capacity as conservator for Homebank Federal Savings Association ("Homebank FSA"), in York County Superior Court. The matter was removed to this Court following the entry of prejudgment attachment orders by the State Court.

Plaintiff has filed a Motion for Summary Judgment (Docket No. 8) on all counts. Individual Defendant filed an Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 13). Corporate Defendant has filed no opposition to Plaintiff's Motions for Summary Judgment at this time.[1]

## SUMMARY JUDGMENT

A motion for summary judgment must be granted if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

1. The Court notes some confusion on the part of the Defendants' attorneys in this case. After the Individual Defendant submitted his Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 13), the same Individual Defendant filed an Objection to Plaintiff's Motion for Summary Judgment "adopting by reference the Opposition to Plaintiff's Motion for Summary Judgment filed by St. Hilaire & Associates, Inc." (Docket No. 17). This Court notes, however, that Corporate Defendant *never filed* an Opposition to Plaintiff's Motion for Summary Judgment. Thus, the Court proceeds with its summary judgment analysis based on Plaintiff's Motion and the Individual Defendant's Opposition only.

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court of Appeals for the First Circuit has recently articulated the legal standard to be applied in deciding motions for summary judgment:

> [T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 [106 S.Ct. 2548, 2554, 91 L.Ed.2d 265] (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904 [96 S.Ct. 1495, 47 L.Ed.2d 754] (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson,* 477 U.S. at 248 [106 S.Ct. at 2510]; *Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limits differing versions of the truth which a factfinder must resolve at an ensuing trial.' *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989). As the Supreme court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson,* 477 U.S. at 249–59, 106 S.Ct. at 2510–16.

*Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989).

## FACTS

The Court finds the following facts to be undisputed on the record made on the motion.

At all material times, Individual Defendant, Albert J. St. Hilaire, was Corporate Defendant's President. On July 1, 1988, Corporate Defendant executed and delivered to Homebank FSB: 1) a commercial term note in the amount of $200,000 (Docket No. 1A, Exh. A1); 2) a security agreement securing that note; and 3) a guaranty agreement signed only "Albert J. St. Hilaire" by Individual Defendant (Docket No. 1A, Exh. B1).

On August 5, 1988, Corporate Defendant executed and delivered to Homebank FSB: 1) a secured demand note in the amount of $250,000 (Docket No. 1A, Exh. C1); 2) a guaranty agreement signed only "Albert J. St. Hilaire" by Individual Defendant, guaranteeing repayment of both notes (Docket No. 1A, Exh. D1).[2]

Effective October 10, 1991, the Office of Thrift Supervision ordered Homebank Bank ("Homebank FSB") closed and appointed RTC as its receiver. RTC, in its capacity as receiver of Homebank FSB, entered into a Purchase and Assumption Agreement with Homebank Federal Savings Association ("Homebank FSA"), where substantially all of the assets and some of the liabilities of Homebank FSB were transferred to Homebank FSA. RTC was then appointed Homebank FSA's conservator. At that time, the Corporate Defendant was in default on the first and second notes and the Individual Defendant had breached the first and second guaranty agreements.

## ANALYSIS

### I. *Claims Against Corporate Defendant*

 ▬ As previously mentioned, Corporate Defendant failed to file an Opposition to Plaintiff's Motion for Summary Judgment. It is well-established law in this

---

**2.** The second note incorporated the security agreement and the first guaranty.

district that Fed.R.Civ.P. 56 requires the Court to examine the merits of a motion for summary judgment even though a non-moving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick*, 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984). However, a party who fails to object to a motion for summary judgment within ten days, as is required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent it is supported by appropriate record citations. *Lehman*, 594 F.Supp. at 1321.

The facts as submitted and supported by Plaintiff in this case consist of two promissory notes, totaling $450,000, executed between the lender, Homebank FSB, and the borrower, Corporate Defendant. Each note expressly provides for immediate payment of the entire amount due in the case of default or late payment.[3]

Given these facts, as undisputed by corporate defendant, this Court can reach but one conclusion: St. Hilaire & Associates is liable for the debt and penalties under each promissory note as a matter of law.[4] Thus, Plaintiff's Motion for Summary Judgment is granted against Defendant St. Hilaire & Associates on Counts I, II, IV, and V.

## II. *Claims Against Individual Defendant*

■ The Individual Defendant opposes Plaintiff's Motion for Summary Judgment, claiming that he signed the guaranties for each note in his corporate capacity, not in his individual capacity. *See* Affidavit of Albert St. Hilaire (Docket No. 16). Under Maine law, the meaning of an unambiguous contract must be decided from the plain meaning of the language used without resort to extrinsic evidence. *Portland Valve, Inc. v. Rockwood Systems Corp.*, 460 A.2d 1383, 1387 (Me.1983). Thus, the Individual Defendant's assertions regarding his intentions in signing the guaranties may be examined only if the guaranty agreements themselves are ambiguous.

■ A contract is ambiguous if it is reasonably susceptible to different interpretations. *Id.* The first paragraph in each of the guaranty agreements at issue states:

> In consideration of credit heretofore or hereafter granted by Homebank, FSB (herein called Bank) to St. Hilaire & Associates, Inc. (herein called Customer), and to enable such credit to be obtained or maintained by Customer, *the undersigned does hereby guarantee to Bank the prompt payment at maturity, expressed or declared, of all liabilities,* primary, secondary, direct, contingent,

---

**3.** Regarding events of default, the July 1988 note provides in part:

> Upon any of the following events of default, all obligations shall become immediately due and payable without further notice or demand:
> (7.01) Failure to pay any charge, principal, or interest as and when due or failure to pay any other obligation of maker to the Bank, now existing or subsequently arising.
> (7.02) Any misrepresentation or default under any of the instruments or under any other obligation of maker to the bank, now existing or subsequently arising.

The August 1988 note specifically provides:

> This note is a DEMAND OBLIGATION. Accordingly, Holder may demand payment of the Obligations at any time. No delay or omission on the part of the Holder in exercising any right to Demand Payment at any time of all Obligations shall operate as a waiver of such right, or of any other right of the Holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion.

Both notes provide for a late payment charge of 5% of any installment of interest and/or principal not received by the Holder within ten days after such installment is due. *See* Docket No. 1A, Exh. A1 and C1.

**4.** As of August 24, 1992, the amount due to Plaintiff under the terms of each note was as follows:

> For the July 1988 note, unpaid principal balance of $178,535.25 and accrued interest of $15,649.19, and late charges of $632.21 for a total amount due of $194,816.65. Interest continues to accrue on the principal balance at a daily rate of $29.755.

> For the August 1988 note, unpaid principal balance of $248,028.94, accrued interest of $21,398.94, and late charges of $958.12 for a total amount due of $270,386. Interest continues to accrue on the principal balance at a daily rate of $41.338.

sole, joint, several or joint and several interest thereon, now or hereafter at any time or times incurred, of Customer and/or Customer and others to Bank.... *If any Liability is not paid by Customer to Bank promptly when due, the undersigned agrees to pay the same, or at Bank's option, all Liabilities of Customer forthwith to Bank upon demand.* The undersigned further guarantees to Bank that Customer will fully, promptly and punctually perform and observe each and every agreement, covenant or condition of any loan agreement, note or mortgage on the part of the customer to be performed and observed. The undersigned further agrees to pay to Bank upon demand all costs and expenses, including counsel fees, which may be incurred in collection of the Liabilities and/or of the undersigned's liabilities under this Agreement. (emphasis added).

The guaranty documents refer to "the undersigned" when discussing the guarantor and each agreement is signed by Albert J. St. Hilaire's hand. Neither guaranty states that he is signing in his corporate (rather than individual) capacity, nor did the Individual Defendant himself so note when signing the documents.

Given the clear language of the guaranty documents signed by the Individual Defendant, with no mention of his corporate capacity, this Court finds that the guaranty agreements are unambiguous as a matter of law and, for that reason, the Court can-

not consider extrinsic evidence regarding the Individual Defendant's intent when he signed the agreements.[5] Therefore, based on the language in the guaranty agreements themselves, this Court grants Plaintiff's Motion for Summary Judgment as to Counts III and VI and finds Individual Defendant Albert J. St. Hilaire personally liable, as a matter of law, for the full amount in loans borrowed by the Corporate Defendant, interest accrued, and late fees.

Accordingly, it is ADJUDGED that Plaintiff's Motion for Summary Judgment on Counts I–VI of the Complaint be, and is hereby, GRANTED. It is further ADJUDGED, as required under the guaranty agreements, that Individual Defendant pay all costs and expenses, including attorneys' fees, incurred by Plaintiff in the collection of the liabilities under the notes and guaranty agreements.

Thus, it is ORDERED that Plaintiff's counsel shall file with the Clerk within five (5) days of the date of the Memorandum of Decision and Order a proposed judgment against all Defendants that is proper in substance and form.

So ORDERED.

---

**5.** The Court finds that the result reached is cogently supported as a matter of legal theory. To treat the Corporate Defendant as the guarantor as well as the borrower would negate the purposes of the guaranty, because it would be meaningless for a corporation to guarantee its own debt as it would add nothing to its existing obligation. *American Management Corp. v. Sam Dunlap,* 784 F.Supp. 1245, 1251–1252 (N.D.Miss.1992); *Dann v. Team Bank,* 788 S.W.2d 182, 184 (Tex.App.1990); *Kordick v. Merchant's Nat'l Bank & Trust Co.,* 496 N.E.2d 119, 124 (Ind.App.1986); *Roy v. Davidson Equip., Inc.,* 423 So.2d 496, 497 (Fla.App.1982); *Ricker v. B–W Acceptance Corp.,* 349 F.2d 892 (10th Cir.1965).

Furthermore, section 3–403(2) of the Maine Commercial Code states that an authorized representative who signs his own name to an instrument

(a) is personally obligated, if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated, if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

11 M.R.S.A. § 3–403(2). Thus, the Individual Defendant is similarly individually liable under section 3–403(2) because the guaranty agreements name neither the corporation he represented nor the representative capacity in which the Individual Defendant claims to have signed them.