Coyne, J.
The single issue raised by the defendant/appellant in this Dist./Mun. Cts. R. A D. A., Rule 8C, appeal is whether the trial judge committed reversible error in finding him individually liable for payment of services provided by the plaintiff law firm to the defendant after a jury-waived trial. The appellant argues that the trial judge’s finding that he was individually liable for the payment of legal services provided by the plaintiff in connection with the proposed sale of the assets of Celus Manufacturing, Inc. (Celus), was clearly erroneous.
The case was tried without a jury and, under such circumstances, “[fjindings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” Mass. R Civ. P., Rule 52(c).
A fair and accurate reading of the record unmistakably demonstrates that the defendant, through a broker, contacted Attorney Michael Malm (Malm), a senior partner of the plaintiff law firm, and requested legal representation for the anticipated sale of Celus’ assets. Malm testified that the defendant initially told him he was the sole shareholder of the Celus. Between April, 2006 and January, 2007, Attorney Malm represented the defendant throughout negotiations with a prospective buyer pursuant to a “letter of engagement” drafted by the plaintiff and signed by the defendant in the following form: “/s/ Frank Lahnston, Treas.” The defendant contends that he cannot be held personally liable for the legal fees and expenses of the plaintiff submitted to the defendant after completion of the aforementioned expenses because ‘Treas.” was written alongside his signature in the “letter of engagement.”
Although both parties filed multiple requests for rulings, only one is material to the determination of the defendant’s appeal. That request, filed by the plaintiff, states:
The evidence is sufficient to find that where a written agreement does not show a contrary intention, a signature to which is added “Agt” [nevertheless] makes the signer personally liable on the agreement. See Norfolk County Trust Co. v. Green, 24 N.E.2d 12, 13, 304 Mass. 406 (1939); also see G.L. 106 §3-402 et seq.
Allowance of this request was proper because it is a correct statement of law and *252 applicable to the evidence presented by the parties. In Norfolk, the defendant sought to avoid individual liability in an action to recover the balance due after a mortgage foreclosure proceeding where he had signed a mortgage extension agreement, “M. Thomas Green, Agt.” In determining the capacity in which the defendant signed the instrument, the Supreme Judicial Court stated, “[t]he mere fact that the defendant signed his name with the added abbreviation ‘Agt.’ did not exempt him from personal liability.” In making that determination the SJC examined tthe language in the agreement signed by the defendant and concluded it was “not ambiguous.” Norfolk supra, at 407.
The present record reveals that the addressee noticed on the typewritten Tetter of engagement” was “Frank Lahnston,” without designation of him as a corporate office, authority or position. Likewise, every mention of Lahnston in the letter, other than his signature and the abbreviated title he affixed to it, refers to him individually without further attribution.[1] The nature of the letter’s references to the defendant in its salutation, body and closing were unambiguous and more that warranted the Court’s findings and ruling that the Tetter of engagement” was devoid, expressly or inferentially, of any intention to limit the defendant’s personal liability for the services rendered to the defendant by the plaintiff. Indeed, the letter refers to Celus and its assets as property for potential sale rather than as a party to the proposed sale. Moreover, the defendant did not contest and the record clearly shows that the retainer and partial payments issued by the defendant to the plaintiff did not derive from Celus’ checking accounts but rather from checking accounts assigned to other business entities controlled by the defendant.
For the foregoing reasons, we find that the trial judge’s decision comported with the prerequisites of law and that it was based on an abundance of evidence that warranted his findings and rulings.
Judgment Affirmed.

 “This letter will set forth the basis terms of our engagement by you in connection with the sale of Celus Fasteners Manufacturing Inc.” “You have requested that we represent you in connection with the sale of the assets of the Company” “You will be our primary contact unless otherwise directed by you.” “I would ask that you provide my firm with a payment of $5,000 to serve as a retainer.” “If our engagement is terminated, you will be obligated to pay for charges for our services and other charges incurred before the termination date.” “I look forward to working with you...” “Please do not hesitate to call me if you have any questions...” “I would appreciate your signing and returning a copy of this letter...” Beneath his signature the defendant’s typewritten name appears once again unaccompanied by any reference to any executive or other category of confederation with Celus.