Publication Division of the International Transportation Association, Inc., Plaintiff, *v.* Elbert W. Blakeslee, Trading under the Firm Name and Style of American Pump and Tank Company, Defendant.

First Department, January 25, 1929.

*Herbert G. Kraft* of counsel [*Siegeltuch, Butler & Kraft*, attorneys], for the plaintiff.

*Louis J. Gold* of counsel [*Gold & Moran*, attorneys], for the defendant.

MARTIN, J. The parties to this action have submitted a statement of facts and have requested an adjudication whether the paper or writing annexed to the statement constitutes a valid and enforcible contract.

The plaintiff contends that the paper signed by the defendant is a valid contract. The defendant contends that although it signed the paper, it is not bound by the terms thereof.

The offer made by the plaintiff was mailed to the defendant from the plaintiff's place of business in the city of Baltimore, Md. In large letters inclosed within an arrow pointing to certain printed matter are the words: " Here is our Offer." The offer is as follows:

" The Publication Division International Transportation Association, Inc., offers to prepare and publish in future editions of the International Motor Bus and Truck Manual, an announcement to occupy approximately four square inches (also one two-line listing of name and address in the ' Where to Buy It ' classification) made up from acceptable data furnished below. The agreed price for this publicity is Fifty Dollars a year, payable by the advertiser to the publisher, its assignees or successors, on delivery of one copy of each year's edition containing this service; also that this order is for the editions 1927, 1928 and thereafter until cancelled by registered mail, by either principal, and delivered before January 1st, preceding date of subsequent editions.

" Typographical errors in the advertising service to be limited to 25% of the year's charge, as full damages. All conditions of this offer are recorded hereon, and its acceptance constitutes an irrevocable contract for the first two operative years."

Immediately thereunder on the first line of the printed form is the following:

" The undersigned accepts your offer to prepare and publish

(from the data below) an announcement, descriptive of our activity, in the future issues of the International Motor Bus and Truck Manual."

In the space provided therefor, the defendant inserted its name and address and a description of its business for the use of the plaintiff in preparing the advertisement to be inserted in the publication referred to in the offer. In the printed matter all the terms of the contract were stated in detail, particular attention to which was directed by the words: " Here is our Offer."

It is contended by the defendant that the printed matter which sets forth the terms of the offer is not a part of the contract and is not binding upon the defendant. It would be difficult to find a more clear or specific statement than that made in this offer.

The printed matter is distinct, and it is not contended by the defendant that it was either difficult to read or understand. In view of the remaining part of the paper which was signed by the defendant, it cannot very well be contended that the defendant did not know what the offer contained, especially in view of the fact that immediately following the offer are the words: " The undersigned accepts your offer," for it is only upon reading the offer that the defendant could have acquired sufficient information to fill in the blank spaces and complete the contract accepting the offer made by the plaintiff.

The offer is not ambiguous. It clearly indicates the terms upon which the plaintiff would insert advertising matter, the details of which were to be furnished by the defendant and published by the plaintiff in accordance with the contract.

When an action is brought on a written agreement which is signed, the paper is proved by proving the signature, and in the absence of fraud it is wholly immaterial that the person so signing has not read the agreement and does not know its terms. (*Fonseca* v. *Cunard S. S. Co.*, 153 Mass. 553; *Germania Fire Ins. Co.* v. *Memphis & Charlestown R. R. Co.*, 72 N. Y. 90; *Blossom* v. *Dodd*, 43 id. 264.)

The general rule is that a party is bound by his signature to a contract unless the evidence justifies a finding of fraud, and this is true whether he reads the contract or fails to read it. No fraud is here alleged, except that it is contended that the fact that the offer was printed in a somewhat different type from the other parts of the paper constitutes fraud. This, of course, overlooks the fact that the very first line to catch the eye of any one seeing the paper is: " Here is our Offer."

In view of the fact that it was necessary for the defendant to take this offer from the mail, read it, fill in the spaces provided

for furnishing the information required, which spaces were filled in by the defendant, the paper then signed by the defendant and returned to the plaintiff by mail, we are of the opinion that the offer was accepted by the defendant with full knowledge of its terms, and is a valid and binding contract obligating the defendant to perform according to the terms thereof. The defendant having failed to comply with its terms, the plaintiff is entitled to judgment for the sum of $100, with interest thereon as stipulated in the submission, without costs.

DOWLING, P. J., MERRELL and O'MALLEY, JJ., concur; PROSKAUER, J., dissents.

Judgment directed for plaintiff for the sum of $100, with interest as stipulated in the submission, without costs. Settle order on notice.