Arthur G. Klein, J.
This action was tried before me without a jury. Both sides waived findings of fact and conclusions of law. The action has been brought to recover the sum of $50,000, under an indemnity agreement, which amount the plaintiff was obliged to pay to one Terry Contracting, Inc., upon a performance bond issued by the plaintiff to insure performance of a contract between Terry and the defendant Bern-El Construction Corporation.
The individual defendants were officers, directors and stockholders of the corporate defendant. They have raised an issue with respect to their liability to the plaintiff and as to the legal consequence of their signatures on the plaintiff’s application for the contract bond in question. The defendant corporation apparently raises no question as to its liability.
The corporate defendant signed the application in its corporate name, by Bernard Lavender, as president. The individual defendants signed their individual names, but claim that said names were affixed only as officers of the corporation.
The application contained a provision, preceding the signatures of the defendants, whereby “ the undersigned ” declare that the statements in the application are made for the purpose of inducing the plaintiff to become surety on the bond applied for. The application provides also that the “undersigned” binds “ itself, himself or themselves, jointly and severally, to indemnify and keep indemnified the Surety and hold and save it harmless from any and all damages * * * which the Surety shall or may sustain or incur by reason or in consequence of having executed the bond herein applied for ”.
In the absence of fraud or other wrongful act by the other contracting party, one who signs a document, even without reading it, is conclusively presumed to know its contents and to assent to them (Metzger v. Ætna Ins. Co., 227 N. Y. 411, 416).
There is no claim here of any fraud or misrepresentation on the part of the plaintiff. Since everyone is presumed to intend the natural consequences of his act (Greenwald v. Wales, 174 *87 N. Y. 140, 145), the individual defendants are bound by the provisions of the application which they signed.
The provisions of the application are clear and definite and are unambiguous. The authorities cited by the defendants concerning the construction of ambiguous phrases are therefore inapplicable here.
The attempt by the defendants to explain the reason for their signing the application must fail in the light of the clear language of the application.
Moreover, their explanation is weakened, if not wholly destroyed, by the information supplied by these defendants in the ‘ ‘ financial statement ’ ’ furnished to the plaintiff for the express purpose of procuring the surety bond in question. This clearly demonstrates that they were setting forth their financial resources, as individuals, so that the surety could look to them for indemnification.
Judgment is accordingly awarded in favor of the plaintiff on the merits. It has been agreed between the attorneys for the respective parties that the amount to which the plaintiff may be entitled is to be subject to further proof. If the parties remain unable to reach agreement as to such amount, a date will be fixed for the taking of further proof, upon request for such relief by the attorneys. This constitutes the opinion pursuant to section 440 of the Civil Practice Act.