125 So.2d 587 (1960)
John D. STEELE, Appellant,
v.
HALLANDALE, INC., a Florida corporation, Corbett E. Baker, and Mary S. Travis, a Married Woman, joined by her husband, Guy O. Travis, Appellees.
No. 2031.
District Court of Appeal of Florida. Second District.
December 21, 1960.
*588 John D. Steele, Hallandale, for appellant.
James A. McCauley of Walden & Ryan, Dania, for appellees Travis.
John D. Steele, Hallandale, for appellee Hallandale, Inc.
SHANNON, Judge.
John D. Steele, appellant, as one of the defendants below, filed this interlocutory appeal from an order denying his motion to dismiss the complaint. The transaction with which this suit is concerned arose from a written contract between Hallandale, Inc., a Florida corporation, and Mary S. Travis and Guy O. Travis, her husband. This was a trade and barter transaction in which the corporation received a certain yacht and Mary and Guy Travis received certain real estate.
By the terms of the contract, the corporation agreed to be responsible for a mortgage which existed on the real estate. In this regard, the contract reads as follows:
"In addition to the foregoing, the undersigned officers of The First Party corporation do agree to idemnify the Second Party against having to make any payment on, or forever being responsible for the existing first mortgage on the real property. The nature of this paragraph is such that if for any reason the First Party should not be able to make payments on or satisfy the mortgage then it shall become the duty of the undersigned officers to make the payments and satisfy the mortgage personally as their own individual debt."
John D. Steele signed the instrument as president of the corporation. The complaint, after setting forth the sale of the yacht by the defendants, alleges default on the mortgage payments. By this suit, the plaintiffs seek an accounting and a decree against Steele, individually.
Steele's motion to dismiss the suit against him in his individual capacity was denied below. This being an interlocutory appeal, it is only necessary that the allegations in the complaint show that the contract involved makes Steele individually responsible to the plaintiffs under certain circumstances. Whether he is or is not can only be determined by the evidence. The contract is made a part of the complaint and it is from these two instruments that the allegations as to the liability of Steele, individually, are predicated.
In the Florida case of Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421, the Supreme Court stated the rule that governs in a case like the present one. While the officers were not held personally liable in the Ballas case, the Court based its decision on the wording of the contract, saying at 426 of 130 So.:

*589 "* * * Looking at the whole instrument, we think it sufficiently appears upon its face to have been the intent of the parties to bind the corporation and not to personally bind R.L. Martin and Lucile Potter, and we so hold."
In the Ballas case then our Supreme Court has adopted the general rule that this is a question of contract interpretation. In the present case the contract specifically provides that the "officers of the corporation do indemnify" and this language comes clearly within the general rule. In 13 Am. Jur., Corporations, § 1049, at 993, it is said:
"As a general rule, so far as the liability on corporate contracts is concerned, directors and officers of corporations are in the same position as agents of private individuals. As is true of agents generally, it is well settled that the officers of a corporation are not personally liable on its contracts if they do not purport to bind themselves individually. On the other hand, if in executing a contract for the corporation, a director or officer employs terms which in legal effect charge himself, he may be sued upon the instrument itself as a contracting party, for the reason that by the use of such terms he has made the contract his own. In most instances in which the question at hand has arisen, however, the contract is not clearly that of the corporation alone or of the officer signing it, but is ambiguous in such respect. In such case, since the determination of this liability depends upon the construction of a written agreement and since the general rule is that the intention of the parties as derived from the instrument determines the construction of the contract, most courts now hold that the liability of the signer of a contract, which may be either a corporate contract or impose individual liability on a corporate officer, is governed by the intention of the parties in such respect as derived from the instrument. * * *"
19 C.J.S. Corporations § 840, also discusses this rule. In addition, there are several cases from other jurisdictions in accord with Ballas v. Lake Weir Light & Water Co., supra. Such cases include Columbia Casualty Co. v. Bern-El Construction Corp., 20 Misc.2d 85, 196 N.Y.S.2d 905; Texas Co. v. Seaboard Nat. Bank, 26 Ohio App. 104, 159 N.E. 842; and Tennessee Chemical Co. v. Cheatham, 217 Ala. 399, 116 So. 420. The decision in Ballas v. Lake Weir Light & Water Co., supra, is commented upon in Hill v. Gratigny, 6 Cir., 1931, 52 F.2d 142.
In the instant case it is specifically set forth in the contract that the undersigned officers do agree to indemnify. In light of the authorities noted above, we find no error in denying the motion to dismiss and the decree of the chancellor is affirmed.
Affirmed.
ALLEN, C.J., and PATTEN, GEORGE L., Associate Judge, concur.