Bernard Weiss, J.
Defendant moved to stay this action pending arbitration. The matter was referred to this court, pursuant to section 1450 of the Civil Practice Act, for trial without a jury as to the maldng of the alleged arbitration contract and final determination of the motion.
The action is for breach of warranty in the sale of certain finished fabric intended for manufacture into pleated skirts. Defendant rested after introducing two exhibits upon which it predicates its claim to arbitration. Except for the handwritten completion of blanks, the printed portions of both are identical and read as follows:
‘ ‘ FINISHED GOODS RECEIPT
Approved by the Textile Distributors Institute, Inc.
RECEIVED FROM :
GOLDSTEIN & LEAVY, INC.
1410 BROADWAY NEW YORK 18, N. Y.
PACKAGES
PIECES-
CARTONS-CASES-
INVOICE NO
DATE — -
FOR:--
*766 We herewith acknowledge receipt from you in good order of the above merchandise and this act of acceptance constitutes our agreement to the terms and conditions of the standard contract approved by the Textile Distributors Institute, Inc. including but not limited to the provision stating that any controversy arising under or in relation to this contract or any modification thereof, shall be settled by arbitration. Unless the parties agree in writing upon some other method of arbitration within ten days after demand for arbitration by' either party, then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York and the arbitration rules then obtaining of The General Arbitration Council of the Textile Industry.
Del’d By--
Firm Name
By
(Please sign name legibly and in full) ”
The first, for 15 pieces, is dated February 20, 1961, and the second, for 17 pieces is dated the following day. Each was signed for plaintiff by its sole witness, a partner, and for defendant by its delivery man.
The uncontradicted testimony of plaintiff’s witness was to the effect that on each occasion he had selected the material at defendant’s showroom, paid the agreed price less discount and received an invoice. There was no reference to arbitration either by way of invoice or conversation. Defendant’s deliveryman then brought the merchandise down to the sidewalk, where, in a street bustling with traffic, he loaded it on plaintiff’s station wagon. He then asked the witness to sign, and the latter did sign, a “receipt” for the number of pieces he had counted, of which he did not receive a copy. Although cross-examination elicited the admission that the witness had an opportunity to read the exhibits had he been so minded, he remained firm in his testimony that the same were represented only as receipts for the number of pieces and, further, that in his industry only receipts, not contracts, were signed for finished goods.
It is the subject instruments, executed in this setting, prominently captioned “ finished goods beceipt ” and so represented, which defendant seeks to elevate to the dignity of contracts binding the purchaser to a fine-print arbitration clause.
All that this court has heretofore had occasion to say of a fur storage receipt containing other obscure provisions (Arkush *767 v. Citron, 14 Misc 2d 707) applies with even greater force here, where the exhibits were signed after the completion of executed transactions and upon the express representation that the same constituted receipts, as indeed their caption would lead one to believe. As this court said in Arkush (supra, pp. 712-714): “ To the lay eye [this instrument] would represent a receipt, conspicuously featured as such. * * * The likelihood of the customer’s perusal and comprehension of such an instrument in such a transaction [is] unrealistic * s * the instrument in suit was conspicuously held out as a receipt, its other provisions designedly hidden behind that facade. This format was hardly necessary had the same not been intended as a trap for the uninitiated and the unwary. ’ ’
The burden of establishing the right to arbitration is upon the defendant seeking the same. (Matter of Layton-Blumenthal [Wasserman Co.], 280 App. Div. 135.) Defendant stands upon the proposition that one is ordinarily bound by a contract which he signs even though his mind never assented to its terms and even though he failed to read it (Knight v. Kitchin, 237 App. Div. 506, 511; 9 N. Y. Jur., Contracts, § 59), where he had ample opportunity to do so (Matter of Charles S. Fields, Inc. v. American Hydrotherm Corp., 5 A D 2d 647, 649), in the absence of fraud, misrepresentation or other wrongful act (Publication Division of Int. Transp. Assn. v. Blakeslee, 225 App. Div. 229, 231; Columbia Cas. Co. v. Bern-El Constr. Corp., 20 Misc 2d 85; White v. Isardi, 253 App. Div. 96, 100; Matter of Stone, 272 N. Y. 121; Pimpinello v. Swift & Co., 253 N. Y. 159; 9 N. Y. Jur., Contracts, § 59).
This court holds that the instruments under consideration, thrust upon plaintiff after the conclusion of the underlying transactions under the circumstances set forth and upon the express oral representation, as well as their bold caption, that the same were receipts, were born of misrepresentation (cf. Farrington v. Harlem Sav. Bank, 280 N. Y. 1), are no more than receipts as represented and do not constitute contracts fastening upon plaintiff an arbitration clause it never discussed, considered nor intended.
The motion is accordingly denied, defendant to answer the complaint within five days after service of a copy of the order entered hereon, with notice of entry.